UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:04-CV-0854-JDT-TAB |
| ) | |
| CITIZENS GAS & COKE UTILITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

**I.   Background.**

On November 25, 2003, Plaintiff Thomas Carter filed a charge of race and sex discrimination ("Charge One") against Defendant Citizens Gas & Coke Utility ("Citizens") with the Equal Employment Opportunity Commission ("EEOC").  Thereafter, on February 18, 2004, the EEOC issued a right-to-sue notice to Carter with respect to Charge One.  On May 14, 2004, Carter filed a second charge ("Charge Two"), this time alleging retaliation.  Just three days later, Carter filed the instant lawsuit pro se.  In his complaint, Carter included allegations contained in both of his EEOC charges and attached these charges as exhibits.  However, Carter had not yet received his right-to-sue notice with respect to Charge Two.

On July 20, 2004, the EEOC issued a right-to-sue notice to Carter on Charge Two. Thereafter, on November 9, 2004, Carter, with the assistance of counsel, moved the Court for leave to file an amended complaint.  Like Carter's original complaint, the amended complaint included as exhibits both of Carter's EEOC charges.  The Court granted the motion noting that "[a]ny timeliness or other shortcomings in the amended complaint may be addressed by separate

motion." [Docket No. 21]. Citizens responded with a partial motion to dismiss.[1] [Docket No. 26]. Specifically, Citizens contends that Carter's claims of racial harassment and failure to promote fail to state a claim upon which relief may be granted because those claims either exceed the scope of his EEOC charges or are untimely. For the reasons that follow, the Magistrate Judge recommends that Citizens' motion to dismiss be GRANTED in part and DENIED in part.

## II.     Standard of Review.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in the light most favorable to Carter. Dismissal is proper "when the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Pugel v. Bd. of Trs. of Univ. of Ill., 378 F.3d 659, 662 (7th Cir. 2004), citing Martinez v. Hooper, 148 F.3d 856, 858 (7th Cir. 1998).

## III.    Discussion.

In order to properly bring suit under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC, the EEOC must issue a right-to-sue notice, and the plaintiff must file his lawsuit within 90 days from receipt of that notice. 42 U.S.C. § 2000e-5. In addition, allegations of discrimination set forth in the complaint must be like or reasonably related to the allegations in the charge and grow out of such allegations filed with the EEOC. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). Here, there is no question

---

[1]Though termed a "motion to dismiss," Citizens does not seek dismissal of all of Carter's claims, as noted in this entry.

that Carter filed charges of discrimination with the EEOC. There is also no question that Carter jumped the gun when he filed his pro se complaint three days after he filed Charge Two and before the EEOC issued a right-to-sue notice with respect to that charge on July 20, 2004. Because Carter failed to amend his complaint to include Charge Two allegations within 90 days after receiving the July 20th right-to-sue notice, Citizens argues that Carter's failure to promote claim is untimely. In addition, Citizens contends that many of the allegations contained in Carter's amended complaint fall outside the scope of his EEOC charges. The Court addresses each of these arguments in turn.

    A.    **Timeliness.**

Citizens argues that Carter's failure to promote claim should be dismissed because Carter did not seek to amend his complaint within 90 days from the receipt of Charge Two's right-to-sue notice issued on July 20, 2004. According to Citizens, Carter "had until October 18, 2004 to file a lawsuit on the claims raised in Charge Two." [Docket No. 27, p. 8]. However, because Carter waited until November 22, 2004 -- 22 days after the 90 day period expired -- to seek leave to amend his complaint, Carter's failure to promote claims cannot proceed.[2] As explained below, Citizens' argument is unpersuasive.

First and foremost, "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit. Rather, the lack of a right-to-sue letter may constitute a defense to a Title VII claim." Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001) (citation omitted). In his pro se complaint filed on May 17, 2004, Carter clearly stated a claim of retaliation. Specifically, Carter alleged that "[a]fter filing charges with the EEOC on 11/25/03, [Carter] became subject of

---

[2]Interestingly, Citizens does not seek dismissal of Carter's other retaliation claims. See Am. Compl., ¶ 28. Presumably, these would also be untimely under Citizens' theory. However, as explained below, Citizens' motion to dismiss with respect to Carter's failure to promote claim should be denied. Accordingly, the Court need not address this issue.

3

a variety of impudent remarks and actions, on a daily basis, from being called 'boy' and being snapped at and pointed with fingers to being closely monitored and receiving a variety of write-ups." [Compl., p. 3].

Yet Citizens did not seek to dismiss Carter's retaliation claim -- or more accurately, a subset of Carter's retaliation claim -- until after the EEOC issued a right-to-sue notice on Charge Two. By that time it was too late. The Seventh Circuit Court of Appeals has held "that a complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter. However, the plaintiff's receipt of a right-to-sue letter before dismissal cured any deficiency in the original complaint." Worth, 276 F.2d at 259 (internal citations omitted). See also Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir. 1991) (while plaintiff's Title VII claims "may have been subject to dismissal at any time prior to [plaintiff's] receipt of a right-to-sue letter, the receipt of that letter after the complaint had been filed, but before it had been dismissed effectively cured the deficiency in the original complaint."). Here, Carter's receipt of the July 20, 2004 right-to-sue notice cured the deficiency in his original complaint. Accordingly, Carter's retaliation claims are properly before the Court.[3] The Magistrate Judge recommends that Citizen's motion to dismiss be denied with respect to Carter's failure to promote claim [Am. Compl., ¶ 29].

---

[3]Citizens also alleges that "nothing in Plaintiff's original Complaint to [sic] put Defendant on notice that he intended to file a failure to promote claim." [Docket No. 37, p. 4]. This argument is unpersuasive. Although Carter did not mention a failure to promote claim in the body of his original complaint, he attached Charge Two to his complaint, which could be read to assert a claim for failure to promote. "It is the well-settled law of this circuit that pro se complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Thus, Carter placed Citizens on notice with respect to his failure to promote claim by attaching Charge Two to his original complaint.

### B.    Scope of Charges.

Carter's first EEOC charge alleged sex and race discrimination.  Specifically, Carter complained that Citizens discriminated against him by: (1) hiring only female applicants for the full-time customer service positions; and (2) failing to take action after he complained of one incident of racially insensitive conduct by a co-worker.  Charge Two alleged that Citizens retaliated against Carter for filing Charge One.[4]  The alleged retaliation included the failure to take action after Carter reported "derogatory name calling," undeserved discipline, and failure to provide a reason for not promoting Carter.  Carter's amended complaint, however, included additional claims of racial harassment, which were not contained in either of his EEOC charges.  Citizens argues that these claims should be dismissed because they exceed the scope of Carter's EEOC charges.  The Court agrees.

> Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC.  This rule serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it.  The only qualification to this principle applies to claims that are "like or reasonably related" to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges.  Those claims may also be brought.

Sitar v. Indiana Dept. of Transp., 344 F.3d 720, 726 (7th Cir. 2003) (internal citations omitted). In his amended complaint, Carter asserts that Citizens subjected him to a hostile work environment by way of racial harassment by his co-workers and management, throughout his employment.  Specifically, Carter alleges that "the harassment began immediately after his hire and during his training, and is ongoing and pervasive."  [Am. Compl., ¶ 16].  Citizens contends that the information averred in the complaint is not like or reasonably related to the charges made to the EEOC, and therefore, does not give sufficient notice to Citizens.  The Court agrees.

---

[4]As noted above, Carter's Charge Two retaliation claims are properly before the Court.

5

Carter's assertion of a hostile work environment does not sufficiently relate to his claims of race and sex discrimination contained in Charge One. See Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994) ("Ordinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination."). The allegations contained in Carter's complaint and Carter's EEOC charges must, "at minimum, describe the same conduct and implicate the same individuals." Id. at 501. In the claims made to the EEOC, Carter alleged discrimination based on hiring and a single incident with co-worker Mike Dillon. These allegations do not place Citizens on notice of on-going harassment by his other co-workers and management.[5]

Finally, attempting to avoid dismissal, Carter asserts that his EEOC charges "were not actually completed by Mr. Carter himself, but by an EEOC official." [Docket No. 30, p. 3]. However, as noted by Citizens, the Seventh Circuit Court of Appeals has found that:

> Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC's staff is not filed unless the complainant signs it -- as [plaintiff] did. If [plaintiff] had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition.

Novitsky v. American Consulting Engineers, LLC, 196 F.3d 699, 702 (7th Cir. 1999). Thus, Carter cannot blame the EEOC for any deficiencies in his charge once he signed it. Id. Accordingly, the Magistrate Judge recommends that Citizens' motion to dismiss be granted with respect to Carter's hostile environment claim. [Am. Compl., ¶¶ 15-17, 19, 22, 23].

---

[5]Carter does make harassment-type allegations in Charge Two. However, Carter frames those allegations in terms of retaliation for filing Charge One. Accordingly, Carter's Charge Two allegations do not place Citizens on notice of a hostile work environment that existed throughout Carter's employment.

6

### III.   Conclusion.

For the reasons stated above, the Magistrate Judge recommends that Citizens' motion to dismiss for failure to state a claim be GRANTED in part and DENIED in part.  Specifically, the Magistrate Judge recommends that Citizens' motion be granted with respect to Carter's hostile environment claims [Am. Compl., ¶¶ 15-17, 19, 22, 23], and denied with respect to Carter's failure to promote claim.  [Am. Compl., ¶ 29].

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

So ordered.

DATED:  April 29, 2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Wayne O. Adams III
ICE MILLER
wayne.adams@icemiller.com

Julie M. Conrad
ICE MILLER
conrad@icemiller.com

Stacey Michelle Davis
staceymdavislaw@aol.com